# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 21-03951-RGK (DFM) | Date: | June 3   cvv  , 2021 |
|---|---|---|---|
| Title | Seth Hernandez v. M. Powler | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause re: Timeliness

On May 6, 2021, Petitioner constructively filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction for attempted murder, two counts of assault with personal use of a deadly weapon, and misdemeanor exhibiting of a deadly weapon. See Dkt. 1 ("Petition") at 2, 10; see also People v. Hernandez, 2012 WL 4864914, at *1 (Cal. Ct. App. Oct. 15, 2012).

Petitioner was sentenced in 2010. See Petition at 2. He appealed, and the California Supreme Court denied his petition for review on January 3, 2013. See https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search for Case No. S206747). On August 14, 2015, Petitioner filed a federal habeas petition which was transferred to this Court. See C.D. Cal. Case No. 15-5351, Dkt. 1. That petition was ultimately dismissed without prejudice for failure to prosecute. See id., Dkt. 21. On December 7, 2020, Petitioner filed a habeas petition in the California Supreme Court, which was denied as untimely on February 17, 2021. See Petition at 4; see also https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search for Case No. S266013).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). Ordinarily, the limitation period runs from the date on which the petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Id.

The California Supreme Court denied Petitioner's petition for review on January 3, 2013. Thus, his conviction became final 90 days later, on April 3, 2013. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner had one year from this date, or until April 3, 2014, to file

a timely habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant action until May 2021. The Petition is thus facially untimely.

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

As noted above, Petitioner did not file a habeas petition in state court until December 2020. Petitioner is not entitled to any period of statutory tolling because he did not file his petition in state court until after the AEDPA limitations period expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

In addition to the statutory tolling provided for by § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). Petitioner offers no explanation for his failure to file a habeas petition in a timely manner or contend that he took any action before the AEDPA limitation period expired. Ignorance of the law does not warrant equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner is thus not currently entitled to equitable tolling.

Accordingly, based upon the Petition as currently submitted, § 2244(d)(1) appears to bar this action.

**Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response no later than twenty-eight (28) days after he is served with this Order.** Petitioner is advised to inform the Court of any reason demonstrating entitlement to statutory or equitable tolling. Petitioner may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form. Petitioner is expressly warned that any dismissed claims may be later subject to AEDPA's statute of limitations. **Petitioner is warned that his failure to timely respond to this Order will result in the Court dismissing this action with prejudice as untimely and for failure to prosecute. See Fed. R. Civ. P. 41(b).**