# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SETH HERNANDEZ, | No. CV 21-03951-RGK-DFM |
| Petitioner, | ORDER SUMMARILY DISMISSING PETITION |
| v. | |
| M. POWLER, | |
| Respondent. | |

### I.  BACKGROUND

On May 6, 2021, Seth Hernandez ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction for attempted murder, two counts of assault with personal use of a deadly weapon, and misdemeanor exhibiting of a deadly weapon. See Dkt. 1 ("Petition") at 2, 10; see also People v. Hernandez, 2012 WL 4864914, at *1 (Cal. Ct. App. Oct. 15, 2012).

Petitioner was sentenced in 2010. See Petition at 2. He appealed, and the California Supreme Court denied his petition for review on January 3, 2013. See https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search for Case No. S206747). On August 14, 2015, Petitioner filed a federal habeas petition which was transferred to this Court. See Hernandez v. To Be Named, Case No. CV 15-5351-RSWL-DFM (C.D. Cal.), Dkt. 1. That petition was

ultimately dismissed without prejudice for failure to prosecute. See id., Dkt. 21. On December 7, 2020, Petitioner filed a habeas corpus petition in the California Supreme Court, which was denied as untimely on February 17, 2021. See Petition at 4; see also https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search for Case No. S266013).

Because it appeared that Petitioner's claims were barred by the one-year statute of limitations, the Court ordered Petitioner to show cause why the Petition should not be dismissed as untimely. See Dkt. 4. Petitioner responded, citing his lack of a legal education and ignorance of the law. See Dkt. 5 at 1-2. The Court now summarily dismisses the Petition.

## II.    ANALYSIS

A.    <u>The Petition Is Untimely</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The one-year period begins on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D). The Court has "the authority to raise [AEDPA's] statute of limitations sua sponte and to dismiss the petition on those grounds" once it has given petitioner "adequate notice and an opportunity to respond." Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

The California Supreme Court denied Petitioner's petition for review on January 3, 2013. Thus, his conviction became final 90 days later, on April 3, 2013. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner had one year from this date, or until April 3, 2014, to file a timely habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). Petitioner did not file the instant action until May 2021. The Petition is thus facially untimely.

Petitioner does not argue, and the record does not show, that he is entitled to a later trigger date. Petitioner's one-year limitation period accordingly expired in April 2014.

**B.    Statutory Tolling**

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds from a lower state court to a higher one. See Carey v. Saffold, 536 U.S. 214, 222-23 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions, as long as that period is "reasonable." Id.

As noted above, Petitioner did not file a habeas corpus petition in state court until December 2020. Petitioner is not entitled to any period of statutory tolling because he did not file his petition in state court until after the AEDPA limitations period expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Petitioner is not entitled to any period of statutory tolling.

### C. Equitable Tolling

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. See Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented his timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner's only explanation for his failure to file a habeas petition in a timely manner is that he knew little about the legal system. See Dkt. 5 at 1. Ignorance of the law does not warrant equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner is thus not entitled to equitable tolling.

### III. CONCLUSION

The Petition is therefore summarily dismissed because it is untimely. Let judgment be entered dismissing this action with prejudice.

Date: July 29, 2021

                                                               R. GARY KLAUSNER
                                                              United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge